UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRUCE WILLIAMS,

                            Plaintiff,

v.                                                              5:19-CV-0557
                                                                (GTS/ATB)
PMA COS., INC.; OLD REPUBLIC
INT'L CORP.; PMA MGMT. CORP.;
PMA MGMT. CORP. OF NEW ENGLAND; and
JAMES WALSH,

                            Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

THE LAW OFFICES OF WYATT              TIMOTHY J. BROCK, ESQ.
& ASSOCIATES, PLLC
   Counsel for Plaintiff
17 Elm Street Suite C211
Keene, NH 0341

BOND, SCHOENECK & KING, PLLC        ROBERT A. LaBERGE, ESQ.
   Counsel for Defendants                     ADAM P. MASTROLEO, ESQ.
One Lincoln Center
Syracuse, NY 13202

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this employment discrimination action filed by Bruce

Williams ("Plaintiff") against PMA Companies, Inc. ("PMA"), Old Republic International

Corporation ("Old Republic"), PMA Management Corporation ("PMA Management"), PMA

Management Corporation of New England ("PMA New England"), and James Walsh

(collectively "Defendants"), is Defendant Old Republic's motion to dismiss Plaintiff's Complaint

for lack of personal jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(2) and (6). (Dkt. No. 7.) For the reasons set forth below, Defendant Old Republic's motion to dismiss is granted in part and denied in part.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Generally, in his Complaint, Plaintiff asserts four claims. (Dkt. No. 1 [Pl.'s Compl.].) First, Plaintiff, an approximately sixty-three year old Assistant Vice President, claims that Defendants discriminated against him because of his age in violation of New York State Human Rights Law, N.Y. Exec. L. § 296 *et. seq.* ("NYSHRL"). (*Id.* at ¶ 53.) In support of this claim, Plaintiff alleges disparate treatment regarding his ability to work remotely, as compared to other, younger Assistant Vice Presidents ("Claim One"). (*Id.* at ¶¶ 53, 96-105.)

Second, Plaintiff claims that Defendants engaged in age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") based on the same factual allegations as those underlying Claim One ("Claim Two"). (*Id.* at ¶¶ 106-14.)

Third, Plaintiff claims that Defendants engaged in retaliation in violation of NYSHRL § 296(7) when they terminated Plaintiff's employment after he raised protected concerns about allegedly receiving disparate treatment ("Claim Three"). (*Id.* at ¶¶ 115-22.)

Fourth, Plaintiff claims that Defendants engaged in retaliation in violation of the ADEA based on the same factual allegations as those underlying Claim Three ("Claim Four"). (*Id.* at ¶¶ 123-27.)

### B. Parties' Briefing on Defendant Old Republic's Motion to Dismiss

#### 1. Defendant Old Republic's Memorandum of Law[1]

Generally, in its memorandum of law-in-chief, Defendant Old Republic argues that it is not a proper party to this case because it is not subject to the Court's jurisdiction and, in the alternative, that Plaintiff fails to state a claim against it.[2] (Dkt. No. 7-2 [Def. Old Republic's Mem. of Law].) More specifically, Defendant Old Republic argues that it is not subject to the Court's jurisdiction because it is a nonresident foreign corporation that is not "at home" in New York State. (*Id.* at 4-6.) Defendant Old Republic also argues that the Court does not have jurisdiction in this case because Defendant Old Republic has not purposefully availed itself of the "privilege of conducting activities within the forum State." (*Id.* at 6-7.) Defendant Old Republic further argues that the Court does not have jurisdiction simply because Defendant Old Republic

---

[1]     Page citations to memoranda of law refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2]     In support of its motion to dismiss, Defendant Old Republic has also filed a declaration by Defendant Old Republic's Senior Vice President, Secretary, and General Counsel John R. Heitkamp. (Dkt. No. 7-1 [Heitkamp Decl.].) In his declaration, Mr. Heitkamp asserts as follows: (1) Defendant Old Republic is a corporation "formed under the laws of the State of Delaware," (2) Defendant Old Republic has a principal place of business in Chicago, Illinois, (3) Defendant Old Republic does not have an office in New York, (4) Defendant Old Republic "is not authorized to do business in New York," (5) Defendant Old Republic "does not transact business or contract to supply goods or services in New York," (6) Defendant Old Republic "does not own, use, or possess real property situated in New York," (7) Defendant Old Republic "does not have any employees in New York," (8) Defendant Old Republic, despite being the ultimate parent company of the co-defendants, maintains separate employment-related policies and "do not have common or centralized control of labor or employment-related functions," (9) Defendant Old Republic never employed Plaintiff and no representative of Defendant Old Republic was "ever consulted regarding, or had any input with respect to, Plaintiff's employment, or separation from employment," and (10) Defendant Old Republic did not employ any of the individuals Plaintiff referenced in his Complaint who were allegedly involved in Plaintiff's separation from employment. (*Id.* at ¶¶ 3-11.)

"is the parent company" of Defendant PMA. (*Id.* at 7-9.) In the alternative, Defendant Old Republic argues that Plaintiff fails to state a claim against it because it is not Plaintiff's employer. (*Id.* at 9-12.)

### 2. Plaintiff's Opposition Memorandum of Law[3]

Generally, in his opposition memorandum of law, Plaintiff argues he has alleged facts plausibly suggesting that the Court has personal jurisdiction over Defendant Old Republic.[4] (Dkt. No. 16 [Pl.'s Opp. Mem. of Law].) More specifically, Plaintiff argues that Defendant Old Republic has enough control over its subsidiaries to impute the subsidiary's actions to Defendant Old Republic for jurisdictional purposes. (*Id.* at 2-4.) Plaintiff also argues that the Court has specific jurisdiction over Defendant Old Republic because Defendant Old Republic was Plaintiff's joint employer. (*Id.* at 4-7.) Lastly, Plaintiff argues that the question of joint

---

[3] Plaintiff is respectfully reminded that, pursuant to the Court's Local Rules of Practice, memoranda of law must contain a table of contents. N.D.N.Y L.R. 7.1(a)(1).

[4] In support of Plaintiff's opposition, he has provided affidavits from himself, as well as his counsel. (Dkt. No. 16-1; Dkt. No. 16-2.) Plaintiff asserts, in part, as follows: (1) Defendant Old Republic was Plaintiff's joint employer and conducted business in New York during Plaintiff's employment; (2) Defendant Old Republic had immediate control over Plaintiff's terms and conditions of work; (3) Defendant Old Republic's CEO, Aldo Zucaro, set employment policies that were applied throughout all of Defendant Old Republic's subsidiaries; (4) Plaintiff personally witnessed Defendant Old Republic and its subsidiaries share work and work responsibilities during Plaintiff's fifteen years of employment; and (5) Plaintiff and other employees were granted stocks in Defendant Old Republic as bonuses and compensation for Plaintiff's employment with Defendant Old Republic's subsidiaries. (Dkt. No. 16-1, at ¶¶ 2-11.) Plaintiff's counsel also provides an affidavit with three exhibits in support of Plaintiff's opposition. (Dkt. No. 16-2.) The exhibits include the following: (1) a printout from Defendant Old Republic's "locations" as indicated from Defendant Old Republic's website as of August 19, 2019, where Defendant Old Republic identifies multiple offices within New York State; (2) a printout from the Pennsylvania Secretary of State website listing "Scott R. Rager" as the President for PMA Companies, Inc.; and (3) a printout from the Illinois Secretary of State website listing "R. Scott Rager" as the President of Defendant Old Republic. (*Id.*)

employment is a question of fact, and that Plaintiff has pled sufficient facts to put Defendant Old Republic on notice of this theory. (*Id.* at 7-8.)

### 3. Defendant Old Republic's Reply Memorandum of Law

Generally, in its reply memorandum of law, Defendant Old Republic reiterates its two original arguments. (Dkt. No. 17 [Def.'s Reply Mem. of Law].) First, Defendant Old Republic argues that the Court does not have personal jurisdiction over Defendant Old Republic because neither the Complaint nor Plaintiff's affidavits assert that Defendant Old Republic played a role in, was aware of, or participated in the decision to terminate him. (*Id.* at 1-3.)

Second, Defendant Old Republic argues that, in the alternative, Plaintiff's Complaint must be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6), because the Complaint fails to allege facts plausibly suggesting that Defendant Old Republic was Plaintiff's employer. (*Id.* at 3-7.)

## II. GENERAL LEGAL STANDARDS

### A. Standard Governing Motion to Dismiss for Lack of Personal Jurisdiction

"When a defendant moves to dismiss a complaint under Rule 12(b)(2) for want of personal jurisdiction, courts must perform a two-part analysis." *Harris v. Ware*, 04-CV-1120, 2005 WL 503935, at *1 (E.D.N.Y. Mar. 4, 2005); *accord, Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167-68 (2d Cir. 2015). "First, personal jurisdiction over a defendant must be established under the law of the state where the federal court sits." *Harris*, 2005 WL 503935, at *1 (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 [2d Cir. 1999]); *accord, Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007). "Under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, the service of a summons establishes personal

jurisdiction over a defendant 'who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located.'" *Harris*, 2005 WL 503935, at *1 (citation omitted).

"Second, if jurisdiction is established under the governing statute, courts must determine whether the exercise of jurisdiction under the relevant state law would violate the defendant's due process rights" *Id.* (citation omitted); *accord, Best Van Lines, Inc.*, 480 F.3d at 242-43. These due process rights require that the Defendant Old Republic have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013) (quoting *Thomas v. Ashcroft*, 470 F.3d 491, 495 [2d Cir. 2006]). In determining whether the required showing has been made, district courts "construe the pleadings and any supporting materials in the light most favorable to the plaintiffs." *Licci*, 732 F.3d at 167 (quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 [2d Cir. 2010]); *accord, A.I. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985).

"In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981). Unless a court conducts "a full-blown evidentiary hearing," the plaintiff need only make "a prima facie showing of jurisdiction through its own affidavits and supporting

materials to survive a motion to dismiss under Rule 12(b)(2)." *Harris*, 2005 WL 503935, at *1 (internal quotation marks and citations omitted). What this means is that, "prior to discovery, a plaintiff may defeat a jurisdiction-testing motion by pleading in good faith, legally sufficient allegations of jurisdiction." *Id.* (internal quotation marks and citations omitted); *accord, Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) ("Such a [*prima facie*] showing entails making 'legally sufficient allegations of jurisdiction,' including 'an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant.'") (quoting *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 [2d Cir. 2003] [per curiam]). However, where a defendant "rebuts [a plaintiff's] unsupported allegations with direct highly specific, testimonial evidence regarding a fact essential to jurisdiction–and plaintiff[] do[es] not counter that evidence–the allegation may be deemed refuted." *MEE Direct LLC v. Tran Source Logistics, Inc.*, 12-CV-6916, 2012 WL 6700067, at *2 (S.D.N.Y. Dec. 26, 2012) (citation, internal quotation marks, and footnote omitted).

### B.     Motion to Dismiss for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a

pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id.* at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.*

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability

requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

## III.  ANALYSIS

### A.  Whether the Court Can Consider the Affidavits Submitted by Plaintiff and Plaintiff's Counsel When Deciding Defendant Old Republic's Motion to Dismiss

After carefully considering the matter, the Court answers this question in the affirmative with respect to all affidavits for purposes of Defendant Old Republic's motion to dismiss for lack of personal jurisdiction for the reasons stated below. For purposes of Defendant Old Republic's motion to dismiss for failure to state a claim, the Court answers this question in the negative with respect to Plaintiff's affidavit, and in the affirmative with respect to the three exhibits attached to the affidavit of Plaintiff's counsel for the reasons stated below.

Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the

complaint (and provided by the parties), (3) documents that, although not incorporated by

reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial

notice for the factual background of the case.[5]

A court may take judicial notice at "any stage of the proceeding," of any fact "that is not

subject to reasonable dispute because" it "can be accurately and readily determined from sources

whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2), (d).  "Pursuant to

Rule 201, courts have considered newspaper articles, documents publicly filed . . . documents

filed with a Secretary of State . . . and information publicly announced on certain non-

governmental websites, such as a party's official website."  *Wells Fargo Bank, N.A. v. Wrights*

---

[5]      *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit
to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-
573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion
to dismiss for failure to state a claim to a motion for summary judgment is not necessary under
Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached
to the complaint or answer, [2] documents incorporated by reference in the complaint (and
provided by the parties), [3] documents that, although not incorporated by reference, are
"integral" to the complaint, or [4] any matter of which the court can take judicial notice for the
factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir.
2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6)
"may consider the facts alleged in the complaint, documents attached to the complaint as
exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is
not incorporated by reference, the court may nevertheless consider it where the complaint relies
heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . .
However, even if a document is 'integral' to the complaint, it must be clear on the record that no
dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that
there exist no material disputed issues of fact regarding the relevance of the document.") [internal
quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d
Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an
exhibit or any statements or documents incorporated in it by reference.") (internal quotation
marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72
(2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or
incorporate by reference a [document] upon which it solely relies and which is integral to the
complaint," the court may nevertheless take the document into consideration in deciding [a]
defendant's motion to dismiss, without converting the proceeding to one for summary
judgment.") (internal quotation marks and citation omitted).

*Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) (citations omitted) ("*Wells Fargo*"). "For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'" *Wells Fargo*, 127 F. Supp. 3d at 166 (quoting *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 179, 179 n.8 [S.D.N.Y. 2006]).

### 1. Plaintiff's Affidavit

"Whether a document is attached to a complaint is self evident." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 [2d Cir. 1991]) (holding that any written instrument attached as an exhibit to a complaint is deemed part of the pleadings). "To be incorporated by reference, the complaint must make 'a clear, definite and substantial reference to the documents.'" *DeLuca*, 695 F. Supp. 2d at 60 (quoting *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d 327, 330-31 (S.D.N.Y. 2003]). "To be integral to a complaint, the plaintiff must have (1) 'actual notice' of the extraneous information and (2) 'relied upon th[e] documents in framing the complaint.'" *Id.* (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147,153 [2d Cir. 2002]). "'[M]ere notice or possession is not enough' for a court to treat an extraneous document as integral to a complaint; the complaint must 'rel[y] heavily upon [the document's] terms and effect' for that document to be integral. *Id.* (quoting *Chambers*, 282 F.3d at 153). Furthermore, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Faulkner v. Beer*, 463 F.3d 130, 134 [2d Cir. 2006]).

"To resolve jurisdictional issues, [courts] may consider affidavits and other materials beyond the pleadings, but . . . cannot rely on conclusory or hearsay statements contained in the affidavits." *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019) (citing *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 [2d Cir. 2004]); *Colliton v. Bunt*, 709 Fed. App'x 82, 83 (2018) (summary order).

Here, Plaintiff's affidavit was not attached to his Complaint, but was attached to his opposition to Defendant Old Republic's motion to dismiss. While district courts in the Second Circuit may consider such belated attachments when deciding a motion to dismiss for failure to state a claim if the plaintiff is proceeding *pro se*, here Plaintiff is not proceeding *pro se*. Plaintiff's Complaint also fails to reference, either explicitly or implicitly, Plaintiff's affidavits, or the information contained within those affidavits, because Plaintiff's Complaint pre-dates Plaintiff's affidavits. Accordingly, Plaintiff's affidavit cannot be deemed to be incorporated by reference into Plaintiff's Complaint.

Additionally, Plaintiff's affidavit is not "integral" to the Complaint. Plaintiff clearly did not have "actual notice" of the affidavit when he filed his Complaint because Plaintiff's affidavit did not yet exist.[6] Furthermore, Plaintiff is unable to satisfy the second "integrality prong"–heavy reliance upon the documents in framing the complaint–because his Complaint does not heavily rely upon his affidavit in support of his allegations. *Chambers*, 282 F.3d at 153.

---

[6]    *See Gelbman v. City of New York*, 14-CV-0771, 2018 WL 4761575, at *4 (S.D.N.Y. Sept. 30, 2019) ("Relator's claims that the Billera Declarations should be deemed 'integral' to the SAC are baseless, since Relator neither (1) had actual notice of the Billera Declarations, nor (2) relied upon them in framing the SAC-indeed, the Billera Declarations–specifically created as part of Relator's opposition to the motion to dismiss–did not exist at the time that the SAC was drafted. *See Chechele v. Scheetz*, 819 F. Supp. 2d 342, 347 (S.D.N.Y. 2011).").

Instead, Plaintiff's affidavit was submitted in response to Defendant Old Republic's motion to dismiss. Therefore, Plaintiff's affidavit is not integral to the Complaint.

Moreover, the Court may not take judicial notice of Plaintiff's affidavit when deciding Defendant Old Republic's motion to dismiss. Plaintiff's affidavit contains assertions of facts that are not generally known within the Court's jurisdiction and that cannot be "accurately and readily determined from [accurate] sources." Fed. R. Evid. 201(b)(2). For all these reasons, the Court is not able to consider Plaintiff's affidavit when determining the outcome of Defendant Old Republic's motion to dismiss for failure to state a claim.

However, as stated above, Second Circuit precedent clearly permits the Court to consider Plaintiff's affidavit when resolving jurisdictional questions. *Cooke*, 918 F.3d at 80; *Colliton*, 709 Fed. App'x at 83. Because Defendant Old Republic challenges Plaintiff's ability to establish personal jurisdiction in this matter, the Court will consider the information within Plaintiff's affidavit to resolve the question of personal jurisdiction only.

For the reasons set forth above, the Court holds that Plaintiff's affidavit will be considered in deciding Defendant Old Republic's motion to dismiss for lack of personal jurisdiction, but will not be considered in deciding Defendant Old Republic's motion to dismiss for failure to state a claim.

### 2. The Affidavit of Plaintiff's Counsel

The affidavit of Plaintiff's counsel attaches two documents that were retrieved from official government websites (Exhibits 2 and 3). Regarding these exhibits, it is proper for the Court to take judicial notice of both. "Courts routinely take judicial notice of such government records." *Wells Fargo*, 127 F. Supp. 3d at 166; *see also Chevron Corp. v. Salazar*, 807 F. Supp.

2d 189, 193 n.5 (S.D.N.Y. 2011) (taking judicial notice of a merger agreement filed with Delaware Secretary of State). Because the exhibits were recovered from the official websites of the Pennsylvania Secretary of State and the Illinois Secretary of State, the Court will take judicial notice of Plaintiff's Exhibit 2 and Plaintiff's Exhibit 3 attached to the affidavit of Plaintiff's counsel. (Dkt. No. 16-2.)

Moreover, with respect to the printout from Defendant Old Republic's website (Exhibit 1), the Court finds it is proper to take judicial notice of Defendant Old Republic's "locations" for the purpose of its motion. In this case, Defendant Old Republic's website is publicly available and is capable of accurate and ready determination, pursuant to Fed. R. Evid. 201. Fed R. Evid. 201(b)(2). Furthermore, Defendant Old Republic does not dispute the authenticity of Exhibit 1 in its reply brief. (Dkt. No. 17.) Given that Defendant Old Republic's website authenticity is not in dispute and is capable of accurate and ready determination, the Court will take judicial notice of Plaintiff's Exhibit 1 attached to his counsel's affidavit. (Dkt. No. 16-2.)

Accordingly, for the reasons set forth above, the Court will take judicial notice of all three exhibits attached to the affidavit of Plaintiff's counsel for the purposes in deciding both Defendant Old Republic's motion to dismiss for lack of personal jurisdiction and Defendant Old Republic's motion to dismiss for failure to state a claim.

### B. Whether Plaintiff Has Shown that the Court May Exercise Personal Jurisdiction over Defendant Old Republic

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Plaintiff's opposition memorandum of law. (Dkt. No. 16, at 2-4.) To those reasons, the Court adds the following, which is intended to supplement (and not to supplant) those reasons.

### 1. Whether Plaintiff Has Shown that Defendant Old Republic and Its Subsidiaries Constitute a "Single Employer"

"Personal jurisdiction may . . . be established over a foreign corporation where a subsidiary of the corporation would be subject to jurisdiction in New York." *JGB Enter., Inc., v. Beta Fluid Sys., Inc.*, 135 F. Supp. 3d 18, 26 (N.D.N.Y. 2015) (Kahn, J.) (citing *Volkswagenwerk Akiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 [2d Cir. 1984]) ("*Volkswagonewerk*"). The "presence of the subsidiary alone does not establish the parent[] [company's] presence in the state." *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998) (citing *Volkswagenwerk*, 751 F.2d at 120). "To prevail in an employment action against a defendant who is not the plaintiff's direct employer, the plaintiff must establish that the defendant is part of an 'integrated enterprise' with the employer, thus making one liable for the illegal acts of the other." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014) (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 341 [2d Cir. 2000]). Specifically, a "plaintiff must show that the subsidiary is either an 'agent' or a 'mere department' of the parent corporation in order to exercise personal jurisdiction over the parent." *JGB Enter., Inc.*, 135 F. Supp. 3d at 26 (citing *Jazini*, 148 F.3d at 184). "Whether two related entities are sufficiently integrated to be treated as a single employer is generally a question of fact not suitable to resolution on a motion to dismiss." *Brown*, 756 F.3d at 226.

"The magic words 'parent-subsidiary' are not the key; the functional relationship is what matters." *Andrulonis v. United States*, 526 F. Supp. 183, 188 (N.D.N.Y. 1981) (Munson, C.J.). Courts must determine whether "an employee, formally employed by one entity . . . has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity." *Arcuelo v. On-Site Sles & Mktg., L.L.C.*, 425

F.3d 193, 198 (2d Cir. 2005).  A "plaintiff need not allege that the parent exercises 'total control

or ultimate authority . . .' so long as he *alleges* that there is 'an amount of participation [by the

parent] that is sufficient and necessary to the total employment process.'" *Brown*, 756 F.3d at 227

(emphasis added) (quoting *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1241 [2d Cir.

1995]) (internal quotation marks omitted).  To determine whether a parent and subsidiary

company constitutes a single employer under Title VII,[7] the Second Circuit applies a four-factor

test.  *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 155-56 (2d Cir. 2014); *Brown*, 756 F.3d at

226.  "Under this test, 'a parent and subsidiary cannot be found to represent a single, integrated

enterprise in the absence of evidence of (1) interrelation of operations, (2) centralized control of

labor relations, (3) common management, and (4) common ownership or financial control.'"[8]

*Turley*, 774 F.3d at 156 (brackets omitted) (quoting *Cook*, 69 F.3d at 1240).  Although no one

factor is determinative of the analysis, the second factor (regarding centralized control of labor

relations) is the most significant.  *Id.*; *Cook*, 69 F.3d at 1240-41.

In this case, Plaintiff has shown an interrelation of operations between Defendant Old

Republic and its subsidiaries.  Specifically, Plaintiff has shown what appears to be a chain-of-

command structure, as well as a conscious and continuous sharing of work and work

---

[7]    The Second Circuit has not previously issued a published decision that applies the
"single employer" test to age discrimination claims; however, the Second Circuit has assumed
(because it was undisputed by defendants) that the "single employer" standard applies to claims
under 42 U.S.C. § 1981.  *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 155 n.13 (2d Cir. 2014).
In this case, both Plaintiff and Defendant Old Republic assert the "single employer" standard for
purposes of Federal and New York State employment law.  (Dkt. No. 16, at 4-6; Dkt. No. 7-2, at
7-9; Dkt. No. 17, at 3-8.)

[8]    The Second Circuit also instructs the Court to apply the same four-factor inquiry
to determine whether two or more entities constitute a "single employer" under the NYSHRL.
*Turley*, 774 F.3d at 156; *Brown*, 756 F.3d at 226-28.

responsibilities.  (Dkt. No. 16-1, at ¶¶ 4, 8-9.)  Plaintiff also points to Defendant Old Republic's public website, which lists at least three separate "offices" located within New York State.  (Dkt. No. 16-2, Exh. 1.)  Although Defendant Old Republic's website differentiates between "office" and "corporate office," Defendant Old Republic fails to indicate that the offices located within New York State are subsidiary companies. Instead, Defendant Old Republic's website implies that it is a single unified entity throughout the United States.

Secondly, the Court finds that Plaintiff, at this stage in the proceedings, has sufficiently shown centralized control of labor relations.  In support of his argument, Plaintiff relies on Defendant Old Republic's apparent chain-of-command structure, as well as Defendant Old Republic's CEO mandating employment policies among Defendant Old Republic and its subsidiaries.  (Dkt. No. 16-1, at ¶¶ 4-6.)  Because Plaintiff has shown that Defendant Old Republic had immediate control over Plaintiff's employment, including the terms and conditions of his work, Plaintiff has shown Defendant Old Republic's participation in PMA's total employment process.  (Dkt. No. 16, at 7-8; Dkt. No. 16-1, at 3-6.)  Although it is currently unclear who made the final decision regarding Plaintiff's termination, the Court finds that the record does not contain enough information to support Defendant Old Republic's motion to dismiss for lack of personal jurisdiction at this time.

Third, Plaintiff has also sufficiently shown common management between Defendant Old Republic and its subsidiaries. As previously discussed, Defendant Old Republic's website lists its locations as "office" or "corporate office."  (Dkt. No. 16-2, Exh. 1.)  Defendant Old Republic fails to indicate that the locations labeled "office" are technically subsidiary locations, instead implying that Defendant Old Republic is a single entity.  Additionally, Plaintiff highlights the fact that the Pennsylvania Secretary of State website lists "Scott R. Rager" as the President of PMA while the Illinois Secretary of State website lists "R. Scott Rager" as the President for

Defendant Old Republic. (Dkt. No. 16-2, Exh. 2, Exh. 3.) Because Plaintiff is the non-moving party in this action, it is reasonable for the Court to infer that the two names listed on the separate government websites, while different, refer to the same individual. *See Vietnam Ass'n for Victims of Agent Orange v. Dow Chemical Co.*, 517 F.3d 104, 115 (2d Cir. 2008) (explaining that the Court must "draw all reasonable inferences in favor of the non-moving party"). Therefore, the Court finds that Plaintiff has shown common management between Defendant Old Republic and its subsidiaries.

Fourth, and finally, Plaintiff has sufficiently shown common ownership or financial control between Defendant Old Republic and its subsidiaries. Indeed, Defendant Old Republic admitted that it is "the ultimate parent company" of PMA, PMA Management, and PMA New England. (Dkt No. 7-1, ¶ 8.) This admission sufficiently demonstrates common ownership among Defendant Old Republic and its subsidiaries.

Accordingly, the Court finds that, at this stage of the litigation, Defendant Old Republic and its subsidiaries constitute a single employer for jurisdictional purposes only.

### 2. Whether Plaintiff Has Shown Purposeful Availment[9]

As discussed above in Part II.A. of this Decision and Order, when "deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion."

---

[9] In Defendant Old Republic's motion to dismiss, it argues that New York courts cannot exercise general personal jurisdiction under CPLR § 301 because Defendant Old Republic is not "at home" within New York State and does not satisfy the necessary criteria to be subject to general jurisdiction. (Dkt. No. 7-2, at 4-5.) Plaintiff failed to address Defendant Old Republic's general jurisdiction arguments, instead focusing exclusively on Defendant Old Republic's challenges to specific jurisdiction. (Dkt. No. 16, at 1-7.) After carefully considering the matter, the Court finds Plaintiff has not established general jurisdiction for the reasons stated in Defendant Old Republic's memorandum of law. (Dkt. No. 7-2, at 4-6.)

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Marine Midland Bank, N.A.*, 664 F.2d at 904).

"In considering a Rule 12(b)(2) motion, the pleadings and affidavits are to be construed in the light most favorable to Plaintiff, and all doubts are to be resolved in Plaintiff's favor." *Minholz v. Lockeed Martin Corp.*, 227 F. Supp. 3d 249, 256 (N.D.N.Y. 2016) (McAvoy, J.). A plaintiff's allegations must provide the "factual specificity necessary to confer jurisdiction" as conclusory statements without supporting facts are insufficient. *Minholz*, 227 F. Supp. 3d at 256 (quoting *Jazini*, 148 F.3d at 185). Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Jazini*, 148 F.3d at 185.

In this case, Plaintiff relies on CPLR § 302(a)(1)[10] to support his argument that Defendant Old Republic has purposely availed itself into New York's jurisdiction. (Dkt. No. 16, at 6-7.) A "'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 170 (2d Cir. 2010) (citations omitted). As to the first requirement of CPLR § 302(a)(1), Plaintiff's affidavit alleges that Defendant Old Republic routinely transacted business in New York State by sharing work and work responsibilities among Defendant Old Republic's subsidiaries. (Dkt. No. 16-1, at ¶¶ 8-10.) Moreover, Plaintiff asserts that he was granted stocks in Defendant Old Republic's corporation as bonuses and compensation for his employment. (Dkt. No. 16-1, at ¶ 11.) While Defendant

---

[10]     Section 302(a)(1) provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." CPLR § 302(a)(1). "To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013) (quotation marks omitted).

Old Republic asserts otherwise,[11] Plaintiff has shown that Defendant Old Republic transacted business, or supplied services, within New York State.

Regarding the second requirement of CPLR § 302(a)(1), Plaintiff has argued that Defendant Old Republic was involved in Plaintiff's termination from PMA, one of Defendant Old Republic's subsidiary companies. (Dkt. No. 16, at 7.) Specifically, Plaintiff argues that he was based out of New York State and that he suffered harm within New York State when he was terminated. "As to § 302(A)(1)'s second requirement, 'a suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York.'" *V. Cars, LLC v. Isr. Corp.*, 902 F. Supp. 2d 349, 360 (S.D.N.Y. 2012) (quoting *HSH Nordbank AG New York Branch v. St.,* 11-cv-9405, 2012 WL 2921875, at *4 [S.D.N.Y. July 18, 2012]). In this case, Plaintiff alleges that Defendant Old Republic was involved in PMA's decisions to refuse Plaintiff's request to work remotely and to terminate Plaintiff's employment. (Dkt. No. 1, at ¶¶ 20, 27-90; Dkt. No. 16-1, at ¶¶ 3-20.) Because Plaintiff was employed in New York at the time of these alleged actions, Plaintiff has articulated a sufficient nexus to satisfy CPLR § 302(a)(1)'s second requirement.

For each of these reasons, the Court concludes that Plaintiff has met his burden and that the Court can exercise jurisdiction over Defendant Old Republic pursuant to CPLR § 302(a)(1).[12]

---

[11] Defendant Old Republic has attached an affidavit to its original motion to dismiss from John R. Heitkamp (Defendant Old Republic's Senior Vice President, Secretary, and General Counsel). (Dkt. No. 7-1.) In his affidavit, Mr. Heitkamp asserts that Defendant Old Republic does not have any employees in New York State, transact business or contract to supply goods or services in New York State, have an office in New York State, or own, use, or possess real property within New York State. (*Id.* at ¶¶ 4-7.)

[12] "Eventually, of course, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. But until such a hearing is held, a prima facie showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion." *Lifeguard Licencing Corp. v. Ann Arbor T-Shirt Co.,*

However, because the Court's conclusion is based on the above-described factual allegations and preliminary evidence, the Court denies Defendant Old Republic's motion only without prejudice.

### 3. Whether Plaintiff Has Shown that Exercising Personal Jurisdiction over Defendant Old Republic Comports with the Due Process Clause

The Court's finding with regard to this issue is based also on the points discussed above in Part III.B. of this Decision and Order, and the fact that Defendant Old Republic has not sufficiently countered the factual allegations asserted, and declarations adduced by, Plaintiff. Again, because the Court's finding is based on the above-described factual allegations and preliminary evidence, the Court denies this part of Defendant Old Republic's motion only without prejudice.

### C. Whether Plaintiff's Complaint Alleges Facts Plausibly Suggesting that Defendant Old Republic Was Involved in the Decision to Terminate Plaintiff

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Defendant Old Republic's memoranda of law. (Dkt. No. 7-2, at 8, 11; Dkt No. 17, at 4-5.)

Claims of employment discrimination under the NYSHRL are analyzed under the *McDonnell Douglas* framework that governs claims of employment discrimination under Section 1983 and Title VII; and, "[u]nder New York law (as is true under federal law), a plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of her employment." *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010); *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 576-77 (S.D.N.Y. 2011) (citing *Richardson v. New York State Dep't of Corr. Servs.*, 180 F.3d 426, 446 [1999]); *see also Fahrenkrug v. Verizon Servs. Corp.*, 652 F. App'x 54, 56 (2d Cir. 2016) (applying the same elements for

---

*L.L.C*, 2016 WL 3748480, at *2 (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981).

establishing a *prima facie* case of discrimination to both the Title VII and NYSHRL claims);

*Powell v. Delta Airlines*, 145 F. Supp. 3d 189, 198 (E.D.N.Y. 2015) ("Claims of age-based

discrimination under the NYSHRL are analyzed under the same standard as discrimination

claims brought under the ADEA."); *Bowen-Hooks v. City of New York*, 13 F. Supp. 3d 179, 219

(E.D.N.Y. 2014) (dismissing discrimination claims pursuant to Title VII and the NYSHRL where

plaintiff could not show that she experienced an adverse employment action).

The Second Circuit has found examples of adverse employment actions to include

"termination of employment, a demotion evidenced by a decrease in wage or salary, a less

distinguished title, a material loss of benefits, significantly diminished material responsibilities,

or other indices unique to a particular situation.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801

F.3d 72, 85 (2d Cir. 2015). "To prevail on an ADEA claim . . . 'the plaintiff must first establish

a *prima facie* case by showing membership in a protected class, qualification for the position, an

adverse employment action, and circumstances that give at least minimal support to an inference

of discrimination.'" *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 639 (2d Cir. 2000).

Liability under the ADEA also requires an employer-employee relationship at the time of the

alleged unlawful conduct. *Gilani v. Hewlett-Packard Co.*, 15-cv-5609, 2018 WL 4374002, at *4

(S.D.N.Y. Apr. 23, 2001) (citing, *inter alia*, *Kern v. City of Rochester*, 93 F.3d 38, 44-45 ([2d

Cir. 1996]).

Because there is no dispute that Plaintiff was terminated from his employment at PMA,

Plaintiff must demonstrate facts that connect his employment by PMA to Defendant Old

Republic in order to state a *prima facie* claim. Here, Plaintiff alleges that Defendant Old

Republic was directly involved in PMA's decision to terminate Plaintiff. (Dkt. No. 1, at ¶¶ 19-

21, 86-90.) However, Plaintiff's Complaint merely alleges that Defendant Old Republic had

immediate control over Plaintiff's employment and that Plaintiff was jointly employed by

Defendant Old Republic, as well as by its subsidiaries (PMA, PMA Management, and PMA New England). (Dkt. No. 1, at ¶¶ 19-21.) While Defendant Old Republic's website identifies Plaintiff's former place of employment as an "office" location, Plaintiff fails to provide any factual allegations that plausibly suggest that Plaintiff and Defendant Old Republic shared an "employer-employee relationship" at the time of Plaintiff's termination.[13] Accordingly, Plaintiff's conclusory allegation is not sufficient to support a *prima facie* claim against Defendant Old Republic.

Because Plaintiff's Complaint does not allege facts plausibly suggesting that Defendant Old Republic was involved in its subsidiary's alleged adverse employment action, he has not stated a NYSHRL claim against Defendant Old Republic upon which relief can be granted. Therefore, the Court finds that Defendant Old Republic's motion to dismiss for failure to state a should be granted.

Although Plaintiff did not file a motion to amend, he requested in the conclusion section in his opposition memorandum of law that the Court defer decision on Defendant Old Republic's motion to dismiss to allow him sufficient time to undertake discovery. (Dkt. No. 16, at 8.) However, Plaintiff has failed to provide any indication of how deferring the Court's decision would cure the pleading deficiencies discussed in Part III.D. of this Decision and Order. The Court notes that Plaintiff has not had a previous opportunity to amend his Complaint and that an Amended Complaint may conceivably assert viable claims against Defendant Old Republic. Therefore, the Court dismisses Plaintiff's claims against Defendant

---

[13] As previously discussed, the Court has taken judicial notice of the exhibits contained within Plaintiff's counsel's affidavit; however, the Court is not relying on Plaintiff's affidavit when determining Defendant Old Republic's motion to dismiss for failure to state a claim. *See, supra,* Part III.A. of this Decision and Order.

Old Republic without prejudice to refiling during the pendency of this action, in accordance with Fed. R. Civ. P. 15, Local Rule 7.1(a)(4), and the Uniform Pretrial Scheduling Order.

**ACCORDINGLY**, it is

**ORDERED** that Defendant Old Republic's motion to dismiss (Dkt. No. 7) is **GRANTED** such that Plaintiff's claims against Defendant Old Republic are **DISMISSED**; and it is further

**ORDERED** that Plaintiff can move to amend his Complaint during the pendency of this action, in accordance with Fed. R. Civ. P. 15, Local Rule 7.1(a)(4), and the Uniform Pretrial Scheduling Order.

Dated: November 25, 2019
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge